PATRICK F. CARRIGAN *vs.* FRANK W. COLE, *et al.*

MARCH 1, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Construction of Statutes.   Death by Wrongful Act.*

Gen. Laws, 1909, cap. 283, § 14, providing a remedy by reason of death by wrongful act, being in derogation of the common law, only confers upon parties and courts such privileges and powers as may be consistent with a strict construction of the terms and language employed.

*(2)   Death by Wrongful Act.   Survival of Cause of Action.*

An action of trespass on the case brought under Gen. Laws, 1909, cap. 283, § 14, to recover for a death by wrongful act does not survive the death of the wrongdoer.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and overruled.

VINCENT, J.   The plaintiff, Patrick F. Carrigan, by his writ dated the 14th of June, 1910, commenced suit against Frank W. Cole and Susan A. Cole, as administratrix upon the estate of William H. Cole, deceased.   The said Frank W. Cole and William H. Cole were formerly copartners, doing business under the name and style of F. W. Cole and Company.

The writ directed the attachment of the goods, chattels and real estate of Frank W. Cole "of the Commonwealth of Massachusetts," and also the attachment of the personal estate of the said Frank W. Cole, in the hands or possession of the Cole Teaming Company, a corporation located and doing business in Providence, in the State of Rhode Island. The writ further directed that the said Frank W. Cole and Susan A. Cole, as administratrix, be summoned to answer the complaint.   The suit was an action on the case for negligence and was brought by Patrick F. Carrigan, as father and next of kin of Joseph Carrigan, an infant, deceased, it being alleged that by reason of the negligence of said Frank

W. Cole and William H. Cole, by their servants and agents, said Joseph Carrigan was run over by a vehicle owned by said Frank W. and William H. Cole, receiving injuries from which he died. It appears from the return of the officer upon the writ that a copy thereof was left with the treasurer of the Cole Teaming Company for the purpose of attaching the stock or shares of said Frank W. Cole in said company; that the defendant, Susan A. Cole, administratrix, was summoned, and that a further copy of said writ was sent by mail to Frank W. Cole, to South Rehoboth, Massachusetts, that being his place of address, he having no usual place of abode in Rhode Island.

William H. Cole, deceased November 16, 1909, some seven months prior to the date of the plaintiff's writ.

On August 2, 1910, the treasurer of the Cole Teaming Company made affidavit that at the time of the service of the writ the said Frank W. Cole was not, either directly or indirectly, the owner of any stock or shares in said company and that there was no personal estate of the said Frank W. Cole in the hands or possession of said Cole Teaming Company. The plaintiff filed his declaration July 27, 1910. The defendant, Susan A. Cole, administratrix, on August 5, 1910, demurred to the plaintiff's declaration and the demurrer was sustained to all of the counts by consent and the plaintiff allowed ten days to amend. After several attempts to bring his declaration within the decision of the court upon the demurrer, the plaintiff filed his last amended declaration April 22, 1911. On May 3, 1911, the defendant, Susan A. Cole, administratrix, filed a motion setting forth that she had demurred to each and all of the counts of the plaintiff's original declaration on the following grounds: (1) that said declaration did not set forth any act of negligence on the part of the defendants; (2) that the said declaration did not state that said claim was presented to said defendant, Susan A. Cole, administratrix, or filed in the office of the municipal court of the city of Providence before the bringing of said suit, and (3) that

said declaration did not set forth a cause of action which at common law or under the statutes of this state survived the death of the intestate of the said defendant, Susan A. Cole. The said motion of the defendant, Susan A. Cole, further states that her demurrer to all the counts of the plaintiff's original declaration was sustained; that no exceptions were taken thereto and that the pretended amended declaration of the plaintiff does not in any way cure or attempt to cure the defects of the original declaration, and she therefore moves that the so-called amended declaration be stricken from the files and for judgment. This motion of the defendant, Susan A. Cole, administratrix, was granted, and to the granting thereof, the plaintiff took his exception to this court.

The defendant, Frank W. Cole, is a non-resident. No personal service has been made upon him in this suit and the attempted service by the way of the attachment of his personal estate in the hands and possession of the Cole Teaming Company has failed, as appears by the affidavit of the garnishee, and it is therefore unnecessary to consider further his connection with this matter.

The case presents two questions: (1) does an action of trespass on the case brought to recover for a death by wrongful act survive the death of the wrongdoer under our statute, and (2) should the plaintiff have filed his claim in the municipal court against the estate of William H. Cole?

A recovery of damages in case of the death of a person by the wrongful act of another is provided for by statute. In Sec. 14 of Chap. 283 of the Gen. Laws of 1909, we find that "Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured . . . ."

(1)     Under the common law no action for damages by reason of death by wrongful act could be maintained. Lord Campbell's act, from which our statute before referred to is derived, provided a new and independent remedy for the loss sustained by the widow and children on account of the death of the person upon whom they were dependent. Lord Campbell's act, as well as our statute which is taken therefrom, being in derogation of the common law only confers upon parties and courts such privileges and powers as may be consistent with a strict construction of the terms and language employed. It is not, perhaps, necessary, considering the frequent discussion of this subject and the well settled rule regarding the construction of statutes which are in derogation of the common law, to repeat here the familiar arguments upon that subject.

From an examination of the language above quoted from Sec. 14, Chap. 283, we are unable to discover any intent to confer upon a plaintiff, under the circumstances of the present case, the privilege of pursuing the estate of the wrongdoer through an action commenced, subsequent to his decease, against his administrator. The language of the statute quoted seems to limit the proceeding to "the person who . . . would have been liable if the death of the plaintiff's intestate had not ensued." There is no provision indicating or language which might be construed or from which it might be implied that it was the intent of the statute to provide any remedy against the personal representatives or the estate of a deceased wrongdoer.

We do not think, therefore, that the plaintiff's action against Susan A. Cole, as administratrix on the estate of William H. Cole, is maintainable. In this view of the case it would be immaterial whether or not the plaintiff's claim was filed in the municipal court against the estate of William H. Cole and we need not, therefore, enter into any discussion of that question at this time.

The plaintiff's exception is overruled, the decision of the Superior Court in dismissing the plaintiff's amended

declaration is affirmed, and the case is remitted to that court for further proceedings.

*J. C. Quinn,* for plaintiff.

*Stone and Lovejoy,* for defendants.