STATEMENT OF FACTS.
Appellant brought this suit for damages for personal injuries alleged to have been caused by the negligence of the railroad company resulting in the death of her intestate, Harrington Johnson.
The decedent was employed as section-hand at work on the track near Traskwood, and went to his home at Hope to spend Sunday, being directed by his foreman to come back on train. No. 6 on Sunday to begin work on Monday, the foreman at the time telling the hands that No. 6 would stop at the station for them on the return. When he was returning on the train Sunday the section foreman, Lockwood, got on the train somewhere below Malvern, the last regular stop for this train west of the camp where the section or track work was being done, and told decedent and other laborers that No. 6 would not stop at the station for them, and they would get off the train at Malvern, which they did. He then directed that they go on from Malvern to Traskwood, *Page 528 
from where they were working, on a motorcar which he provided, and, while they were proceeding, the car on which they were riding collided with another motorcar, and one man was killed and the decedent was injured. He was taken to the hospital, where he remained three or four days, and then went on down to his home at Hope. He was only treated for laceration of a finger at the hospital, and after he was discharged he talked with the claim agent about his injuries relative to a settlement. He went down to his home, and, while there, one of the physicians of the railroad company examined his finger, and told him that it was well, and also asked him why he was visiting the office of an attorney, thinking maybe he contemplated a suit against the railroad company, and was told that the attorney was collecting some accident insurance for him. He returned 20 days later, made a settlement of his claim for damages with the claim agent of the company for $50, which was paid, and gave the company a full release for all damages, present and prospective, that might result from the injury. He died a short time later, and the record does not disclose what caused his death, the court refusing to allow the appellee to show by the physicians who attended him that it resulted from typhoid fever.
Appellee denied liability, alleging that the injury occurred while the decedent was riding on a motorcar in violation of the rules of the company, and pleaded a release from him in bar of the action. The release recites:
"In full release, discharge and satisfaction of all damages and personal injuries (including both known and unknown injuries and future developments thereof) growing out of or in any way resulting from the following described accident, to-wit: motorcar collision, between two motorcars, at or near Traskwood, Ark., June 3, 1928, while employed and working as an extra gang laborer, but not working at the time. Re-employment is not part of the consideration of this release."
It contains a receipt for $50, consideration in full payment, acknowledges his understanding of the terms *Page 529 
written, and had written on the margin in pencil, "I have read and understand this release," signed by the injured party on July 19, 1928.
There was no testimony tending to show any imposition on decedent in procuring the release, or false statements relative to the extent of the injury, its probable duration or effect, made by any physicians or employees of the railroad company, nor any statement at all in fact about the matter. Neither was the validity of the release challenged in the pleadings. The court instructed a verdict for the railroad company, from which this appeal is prosecuted.
(after stating the facts). The undisputed testimony shows that appellant's intestate, the person injured in the collision or accident, executed a full release to the railroad company for all damages or injuries, including both known and unknown injuries and future developments thereof growing out of or in any way resulting from the accident for collision, describing it, for the consideration paid; and, there being no fraud alleged or proved in the procurement of the injured person's acceptance of its terms, no mental incapacity alleged or shown, and no claim of the injured person having executed the release in reliance upon the statement of a physician as to the extent of the injury suffered, both parties were necessarily bound by it, and the court did not err in directing the verdict. Kansas City S. R. Co. v. Armstrong, 115 Ark. 123, 171 S.W. 123; Francis v. St. Louis, I. M. S. Ry. Co., 102 Ark. 616, 145 S.W. 534; St. Louis, I. M. S. Ry. Co. v. Campbell, 85 Ark. 592,109 S.W. 539; Mo. Pac. Ry. Co. v. Elvins, 176 Ark. 737,4 S.W.2d 528.
It is unnecessary, in view of this holding, to determine any other questions raised. The judgment is affirmed accordingly. *Page 530