**Mary Evelyn ROBERTS, Administratrix ad Prosequendum of Everett Melvin Roberts, Appellant,**

v.

**UNION CARBIDE CORPORATION, a Corporation.**

**No. 17602.**

United States Court of Appeals Third Circuit.

Argued June 13, 1969.

Decided Aug. 21, 1969.

As Amended and Rehearing Denied Sept. 18, 1969.

---

* Hon. John F. Kilkenny, United States District Judge, District of Oregon, sitting by designation.

John W. Devine, Pellettieri & Rabstein, Trenton, N. J., for appellant.

Carl Kisselman, Kisselman, Devine, Deighan & Montano, Camden, N. J. (Michael Patrick King, Camden, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal by the plaintiff in a wrongful death action brought under New Jersey Statutes, 2A:31-1, N.J.S.A. It is the responsibility of the federal courts solely because of the diversity of citizenship of the parties. The essential facts are that the plaintiff's decedent inhaled dangerous fumes while in the employ of All American Engineering Company. During his lifetime the decedent obtained a judgment of $210,000 against Union Carbide as damages for this mishap, and this judgment was satisfied after an unsuccessful appeal. Some five years later the decedent died, allegedly as a result of the defendant's above mentioned negligence. Plaintiff brought suit and summary judgment was entered for the defendant.

While New Jersey's highest court has not ruled on the question raised here, at least two New Jersey cases support the proposition that plaintiff's cause of action is barred and extinguished by the decedent's having obtained a recovery during his lifetime. Lawlor v. Cloverleaf Memorial Park, Inc., Law Div. 1968, 101 N.J.Super. 134, 243 A.2d 293; Libera v. Whittaker, Clark and Daniels, Inc., Law Div. 1952, 20 N.J.Super. 292, 89 A.2d 734. Compare Lawlor v. Cloverleaf Memorial Park, Inc., App.Div.1969, 106 N.J.Super. 374, 256 A.2d 46. We observe that this view is consistent with that of nearly all states having similar statutes. See Annotation, 39 A.L.R. 579 (1925). Moreover, the record does not sustain the contention that the present action involves elements of recoverable damage not covered by the decedent's earlier suit.

The judgment will be affirmed.