363 So.2d 129 (1978)
Alvin WARREN, As Executor of the Estate of Susan Sossin, Deceased, Appellant,
v.
Dr. Isaac COHEN, Dr. Jerome Benson and Employers Fire Insurance Company, Appellees.
No. 77-1090.
District Court of Appeal of Florida, Third District.
July 18, 1978.
*130 Spence, Payne & Masington, Podhurst, Orseck & Parks, Miami, for appellant.
George V. Lanza, Coral Gables, Daniels & Hicks and Sam Daniels, Miami, for appellees.
Before HENDRY, J., and CHARLES CARROLL (Ret.) and PARKER, J. GWYNN, (Ret.), Associate Judges.
HENDRY, Judge.
Appellant/plaintiff appeals from a summary final judgment entered in favor of appellees/defendants in a wrongful death action.
Briefly stated, the record reveals that in 1973, Susan Marleaux sued appellees alleging the negligent diagnosis of her cancer. While the suit was pending, she married Marvin Sossin. In May of 1973, the case was settled for ONE HUNDRED, TWENTY-FIVE THOUSAND (125,000.00) DOLLARS. The Sossins executed a release in accordance with the settlement. In pertinent part, the release provides as follows:
"This Release extends and applies to, and also covers and includes all unknown, unforeseen, unanticipated and unsuspected injuries, damages, loss and liability and the consequences thereof, as well as those now disclosed and known to exist. The provisions of any State, Federal, Local or Territorial Law or Statute, providing, in substance, that releases shall not extend to claims, demands, injuries or damages, loss or liability, which are unknown or unsuspected to exist at the time, to the persons executing such release, are hereby expressly waived.
"This Release also extends and applies to and also covers the Insurers of ISAAC COHEN, M.D., JEROME BENSON, M.D., and JAMES W. McCREADY, Jr., M.D., to wit: EMPLOYERS FIRE INSURANCE COMPANY, and any and all persons for whom the above-named Insureds might be derivatably liable.
"The payment of the aforesaid sum, in full and final settlement of this matter, in no way admits liability and/or malpractice on the part of ISAAC COHEN, M.D., JEROME BENSON, M.D., JAMES W. McCREADY, JR., M.D., and/or their Insurer, EMPLOYERS FIRE INSURANCE COMPANY.
"IN WITNESS WHEREOF, We have hereunto set our hands and seals at Miami, Dade County, Florida, this 19th day of May, 1973.
 Susan Marleaux Sossin (SEAL)
 SUSAN MARLEAUX SOSSIN
 Marvin Sossin (SEAL)
 MARVIN SOSSIN
 Individually and as
 Husband and Wife"
Pursuant to the settlement, the personal injury action was dismissed with prejudice.
Mrs. Sossin died on November 18, 1974. In 1975, appellant, the deceased's personal representative, brought the present wrongful death action against appellees, again alleging the negligent diagnosis of Mrs. Sossin's cancer. Appellees answered and asserted as an affirmative defense that the prior release and dismissal with prejudice barred the action. Appellees subsequently moved for summary judgment. Said motion was denied, but later renewed and granted by a successor judge. From the entrance of the summary judgment, this appeal has been taken.
Appellant has stated the sole point on appeal as follows:
"Whether a release of a tortfeasor, executed by an injured person during her lifetime, and her husband, who married her during pendency of her claim, and then dismissal of her claim upon settlement, bar the subsequent claims of (1) her surviving minor children; (2) her husband; or (3) her estate, for her wrongful death, when the releasor later dies as a result of her injuries."
After a careful analysis of the controlling principles of law, in light of the record, briefs and arguments of counsel, it is our *131 opinion that, sub judice, the subsequently filed wrongful death action is barred by the release signed by the decedent prior to her death.
While we note a split of authority on the issue, it appears that Florida follows the majority view, i.e., a decedent's release bars a subsequent wrongful death action.[1]Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335 (1941); Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA 1974), cert. den. 297 So.2d 836 (Fla. 1974); also in accord is the federal rule, as pronounced in Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928) and Walrod v. Southern Pacific Company, 447 F.2d 930 (9th Cir.1971).
Notwithstanding the above, appellant persuasively argues that Florida's wrongful death statute creates a separate "right of action" for the decedent's survivors, independent of the "right of action" of the injured person who later dies. See Shiver v. Sessions, 80 So.2d 905 (Fla. 1955) and Moragne v. State Marine Lines, Inc., 211 So.2d 161 (Fla. 1968). Appellant contends that the survivor's right of action never arises until the death of the injured person, and is a new, independent right of action, not subject to procedural bars (release) which would have precluded the deceased from maintaining a personal injury action during his or her life. In addition, appellant argues that, pursuant to Chapter 768, Florida Statutes (1977), the damages awardable to the deceased's survivors on a wrongful death claim are not identical to those paid to the injured person or settlement, and thus, double recovery is avoided.
While we agree that a deceased's "right of action" during his or her lifetime is separate and distinct from a survivor's "right of action," we nevertheless hold that a release executed by a deceased subsequently bars the beneficiaries from filing a wrongful death claim. Ryter v. Brennan, supra. To hold otherwise would be to undermine the public policy favoring the settlement of lawsuits and the express intent and language of the aforementioned release agreement.
Accordingly, the summary final judgment entered by the trial judge is affirmed.
Affirmed.
NOTES
[1] Majority view: Roberts v. Union Carbide Co., 415 F.2d 474 (3d Cir.1969), applying New Jersey law; Schlavick v. Manhattan Brewing Co., 103 F. Supp. 744 (D.Ct.Ill. 1952), applying Indiana law; Haws v. Luethje, 503 P.2d 871 (Okl. 1972); Hutton v. Davis, 26 Ariz. App. 215, 547 P.2d 486 (1976); Crockett v. Missouri Pac. R. Co., 179 Ark. 527, 16 S.W.2d 989 (1929); Fuller v. Atchison, T. & S.F. Ry. Co., 124 Kan. 66, 257 P. 971 (1927).

Minority view: Brown v. Moore, 247 F.2d 711 (3d Cir.1957), applying Pennsylvania law; Gilmore v. Southern Railway Company, 229 F. Supp. 198 (D.Ct.La. 1964), applying Louisiana law; Montellier v. United States, 202 F. Supp. 384 (D.Ct.N.Y. 1962), applying Massachusetts law; Phillips v. Community Traction Co., 46 Ohio App. 483, 189 N.E. 444 (1933); Robinson v. Leigh, 153 Cal. App.2d 730, 315 P.2d 42 (1957).