413 So.2d 760 (1982)
Thomas PERKINS, As Personal Representative of the Estate of Anthony Perkins, a Deceased Minor, Appellant,
v.
VARIETY CHILDREN's HOSPITAL, Appellee.
No. 80-1671.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Rehearing Denied May 18, 1982.
*761 Fazio, Dawson, Steinberg & DiSlavo and Marcia E. Levine, Fort Lauderdale, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
FERGUSON, Judge.
The main issue in this appeal is whether a judgment recovered by a child for personal injuries during his lifetime bars a subsequent wrongful death action by his personal representative where the death is caused by the same injuries. We reverse the trial court and hold that the prior judgment is no bar.
Plaintiff Thomas Perkins, as the personal representative of the estate of the deceased minor son Anthony Perkins, filed a wrongful death action against defendant Variety Children's Hospital seeking damages for mental pain and anguish suffered by him and his wife as parents of the deceased minor and for the funeral expenses of the child. The defendant hospital answered the complaint affirmatively alleging that the plaintiff father had no right of action for the wrongful death because (1) the minor had already sued for the injury and had received a judgment which had been satisfied, (2) the statute of limitations for a personal injury action had expired prior to the time of the minor's death. The facts alleged in the affirmative defenses were admitted. The trial court denied plaintiff's motion to strike these defenses on the grounds that they were valid defenses, then entered a Final Summary Judgment for the hospital.
The parties agree that resolution of the main issue pivots on the interpretation to be given certain language in the Florida Wrongful Death Act, Section 768.19, Florida Statutes (1979). The Act provides in pertinent part:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable for damages ... shall be liable for damages as specified in this act notwithstanding the death of the person injured... (emphasis added).
The crucial language from the statute is emphasized above. The threshhold question is whether, as advanced by appellee, the right of the parents to maintain a wrongful death action depends upon the child's right to sue for his personal injuries at the time of his death. In light of well-established Florida law, we must reject appellee's argument. A proper analysis of the questioned statutory language begins with a focus upon the event, i.e., whether the event causing injury is one which would have entitled the decedent to bring an action for personal injury. See, e.g., Epps v. Railway Express Agency, Inc., 40 So.2d 131 (Fla. 1949); Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326, 266 A.2d 569 (N.J. 1970) and cases compiled therein. See also W. Prosser, Law of Torts, § 127 (4th ed. 1971) ("The more reasonable interpretation would seem to be that [similar clauses in wrongful death statutes] are directed at the necessity of some original tort on the part of the defendant, under circumstances giving rise to liability in the first instance, rather then to subsequent changes in the situation affecting only the interest of the decedent").
The Florida Supreme Court has consistently found that Section 768.19, Florida Statutes (1979), Wrongful Death Act, creates an independent cause of action in the statutory beneficiaries. The Act gives the *762 beneficiaries the right to sue for their own damages and is independent from any right of the decedent to sue for his own injuries either prior to death or after death through a personal representative. Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975); Moragne v. State Marine Lines, Inc., 211 So.2d 161 (Fla. 1968) (right under statute independent from right of person originally injured), reversed on other grounds, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970);[1]Shiver v. Sessions, 80 So.2d 905 (Fla. 1955); Epps v. Railway Express Agency, supra (separate right exists but applying principle of collateral estoppel) relying on Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934) (applying principle of estoppel by judgment to wrongful death action) and explaining Ake v. Birnbaum, 156 Fla. 735, 25 So. 213 (1945), on rehearing, (separate right; personal representative may sue for decedent's injuries). The supreme court in Epps specifically stated at 132, supra:
Florida's Wrongful Death Act creates an independent cause of action without regard to whether the injured person or his personal representative have ever initiated suit on the original cause of action.
This conclusion is the logical consequence of a finding that the statutory wrongful death action is not wholly derivative upon the decedent's right to sue for his own injuries at the time of his death. Accord Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). In Gaudet, the Court held that a widow of a longshoreman could maintain an action for the wrongful death of her husband after the decedent recovered damages in his lifetime for his injuries. Central to the Court's findings were the determinations that (1) the wrongful death statute  as do most  created an independent cause of action in favor of the decedent's dependents, Gaudet, 414 U.S. at 578, 94 S.Ct. at 811, 39 L.Ed. at 17, n. 5, and (2) that recovery was not barred by res judicata or public policy, id., U.S. at 579, 94 S.Ct. at 811, 39 L.Ed.2d at 18, including the problem of double liability, id., U.S. at 583-95, 94 S.Ct. at 814-20, 39 L.Ed.2d at 20-26. See also Alfone v. Sarno, 87 N.J. 99, 432 A.2d 857 (N.J. 1981), affirming, 168 N.J. Super. 315, 403 A.2d 9 (N.J. App. 1979). Appellant is correct in arguing that under Florida law, the statutory language refers to the qualifying nature of the "event," and not to whether the decedent ever sued in his lifetime. Epps v. Railway Express Agency, supra.
In Warren v. Cohen, 363 So.2d 129 (Fla. 3d DCA 1978), the Third District Court of Appeal agreed that Section 768.19 created an independent cause of action but for public policy reasons held that a release executed by deceased bars a subsequent action for wrongful death. The holding of Warren, supra, is consistent with Shiver v. Sessions and the other cases cited, supra.[2] *763 The court in Warren, supra, however, was concerned with the public policy favoring the settling of lawsuits and its holding is limited to cases involving release or settlement. The public policy concern of Warren, that of settling lawsuits, has no application to preventing recovery where the decedent received a judgment compensating him for his injuries prior to death. There is no legislative or judicial authority in Florida for the proposition that a prior judgment for personal injury bars a subsequent wrongful death action. Nor can any such legislative intent be inferred. Section 768.20, Florida Statutes, expressly bars a personal injury recovery where death precedes a judgment on the claim. The statute is silent as to whether a judgment which precedes death ought to also bar a subsequent wrongful death action, from which it may be inferred, aside from all else, that no such bar was intended.
Nor is the specter of double recovery a compelling public policy argument for blocking a subsequent wrongful death action. It cannot be ignored that a judgment for personal injury by the decedent in his lifetime may be grossly inadequate to compensate for the subsequent death which is a result of the same injury especially where death was not contemplated. Though we have not found any Florida cases specifically discussing the policy considerations of avoiding double recovery and of achieving finality of litigation, existing cases, as well as the Florida negligence statute which particularly delineates recoverable damages, suggest that Florida recognizes those safeguards against double recovery which are discussed in Gaudet, and Alfone, both supra.
In the personal injury action the jury returned a verdict of $1,000,000.00 for the minor decedent and $200,000.00 to his parents for medical care. A portion of the award was for future losses and care. The child, who was only four-months old at the time of the injury, died a few months after the judgment was entered.
Future losses pose the greatest danger of double recovery  the chief concern of those in favor of barring a subsequent action. But wrongful death benefits are a supplement not a duplication of damages awarded to the decedent and prevention of double recovery is capable of management by the court on a case-by-case basis.
On the facts of this case fairness and equity require that those amounts awarded *764 to decedent and the parents for pecuniary losses, pain and suffering and expenses to be incurred after the date of death[3] be set-off against the wrongful death award. This set-off should present no problem as Section 768.48(2) requires that a judgment for a patient against a health care provider itemize each category of damages into amounts intended to compensate for losses incurred prior to the verdict and amounts intended to compensate for losses to be incurred in the future. We reject the argument of appellee that there cannot be an award for pain and suffering to both the decedent and his survivor. Unlike the majority of jurisdictions, both are provided for by Florida law, Sections 768.21(4) and 768.48(1)(c). However, in a malpractice action this element of damage is also apportioned as between past and future and should present no set-off problem.
As a second issue on appeal it is contended that the statute of limitations could not bar the wrongful death action. Again we agree. Section 95.11(4)(d), Florida Statutes (1979) provides that an action for wrongful death be brought within two years. Since the right does not exist until death occurs, the only reasonable interpretation is that wrongful death actions must be brought within two years from the time of the death of the injured party and not within two years from the time of injuries of that party. The Florida Supreme Court has so held in Parker v. City of Jacksonville, 82 So.2d 131 (Fla. 1955) (§ 95.11 not § 95.24 applies to wrongful death actions). See also Fletcher v. Dozier, 314 So.2d 241 (Fla. 1st DCA 1975) (cause of action accrues and statute commences to run on date of death).
The question of liability having been decided in the personal injury action, Variety Children's Hospital, Inc. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980) only the issue of damages pursuant to the wrongful death section remains to be litigated. A prior decision of liability will preclude litigation of that issue under the wrongful death statute.[4]See Collins v. Hall, supra (judgment against husband estopped wife from recovery under wrongful death statute). See, e.g., Epps v. Railway Express Agency, supra (adverse final judgment entered in prior wrongful death suit by wife operated as collateral estoppel and barred recovery in subsequent suit by wife as administrator). Cf. Seaboard Coast Line Railroad Co. v. Cox, 338 So.2d 190 (Fla. 1976) (applying estoppel by judgment); Allstate Insurance Co. v. A.D.H., Inc., 397 So.2d 928 (Fla. 3d DCA 1981) (estoppel as to liability issue). See Restatement (Second) of Judgments, § 92.1(3) (Tent. Draft No. 3, 1976) (issues determined by judgment for or against person in action based on act later causing death are conclusive in subsequent action for wrongful death).[5]
*765 Reversed and remanded for further proceedings consistent with this opinion.
PEARSON, TILLMAN (Ret.), Associate Judge, dissenting.
The holding in the majority opinion is that a right of action in Florida for wrongful death is not conditioned upon the ability of the deceased to sue for the tort which caused his death. As authority for the proposition that this state has adopted such an interpretation of the Florida Wrongful Death Act, Sections 768.16-768.27, Florida Statutes (1979), the plaintiff relies heavily upon the Florida Supreme Court decision in Shiver v. Sessions, 80 So.2d 905 (Fla. 1955).
It is agreed that this issue must be determined through an interpretation of the Act. Section 768.19 thereof provides:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony. [Emphasis supplied.]
Upon the basis of the crucial language of the statute (emphasized above), a majority of jurisdictions have adopted the view that a right of action for wrongful death is dependent upon a right of action of the deceased at the time of his death. Consequently, if prior to his death, the deceased's personal injury action had been reduced to judgment and he could not, therefore, maintain an action for his injuries at the time of his death, his survivors would have no right of action for damages suffered by them as a result of the death. See the various authorities for this majority view cited by us in Warren v. Cohen, 363 So.2d 129, 131 n. 1 (Fla. 3d DCA 1978).
The question presented in Warren was whether a release executed by an injured person barred a subsequent wrongful death action for the same injury. In accordance with the majority view, we held that the subsequent wrongful death action was barred by the prior release. It would be difficult to distinguish that holding from the holding of the trial court in the present case. This is especially true because in Warren we cited authority for the principle that an existing judgment will bar a subsequent wrongful death action. See Roberts v. Union Carbide Corporation, 415 F.2d 474 (3d Cir.1969); see also Schlavick v. Manhattan Brewing Co., 103 F. Supp. 744 (N.D. Ill. 1952).
We are told, however, that the courts of this state have adopted the minority view. In the case of Shiver v. Sessions, 80 So.2d 905 (Fla. 1955), the inter-spousal immunity doctrine was held by the Florida Supreme Court not to prevent the surviving children of a deceased mother from maintaining a wrongful death action against the estate of their stepfather, even though a personal injury action by their mother against the stepfather could not have been maintained during the mother's lifetime. The Court stated:
[I]t is clear that the Legislature intended that the right of action created by the Wrongful Death Act in favor of the named beneficiaries must be predicated upon operative facts which would have constituted a tort against their decedent under established legal principles  in other words, they must state a "cause of action" for tort against the tortfeasor, subject to the defenses of contributory negligence and the like which the tortfeasor could have pleaded in a suit against him by the decedent during his or her lifetime, and this court has so held in many cases. But we think it is unreasonable *766 to imply that the Legislature intended to bar the "right of action" created by the Act on account of a disability to sue which is personal to a party having an entirely separate and distinct "right of action" and which does not inhere in the tort  or "cause of action"  upon which each separate right of action is based.
It is true that the Florida Supreme Court did refer to the "right of action" created by the Act as being one that is entirely separate and distinct. I think, however, that the language used did not depart from the law established in prior Florida Supreme Court cases; rather, it explained how the cause of action would not be destroyed despite the artificial bar to the creation of the action by the inter-spousal immunity. The reasoning employed by the Court does not negate that provision of the Act requiring an "... event ... entitl[ing] the person injured to maintain an action and recover damages if death had not ensued ..."[1] As pointed out by the Court, the emphasis is on the event and, therefore, it is the "event" which must qualify, and which, in fact, did qualify in Shiver, thereby giving rise to a cause of action. In the present case, however, I would hold that the event should not qualify because full satisfaction has been received by the deceased himself.
The crucial provision was included in that version of Florida's wrongful death statute which was in effect in 1894,[2] when the Florida Supreme Court decided Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894). That case held that there was no recovery in a wrongful death action where the deceased party would have had no cause of action. See also Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934), where no action could lie because the deceased had sued on the cause and had suffered an adverse judgment. If the Florida Supreme Court had intended in Shiver to recede from its prior decisions, it would have so indicated. However, Shiver did not change the law in Florida and, therefore, I would affirm.

On Motion for Clarification and Suggestion for Certification
Following the issuance of our opinion of January 12, 1982, timely motions for rehearing, clarification, and certification were filed by the parties. Both parties call attention to the second sentence, third paragraph on page six of the opinion as a misapprehension by the court  that there was no itemized verdict apportioning damages as between past and future damages because the personal injury action was filed prior to July 1, 1976, the effective date of Section 768.48 which requires itemization. Accordingly, we amend the sentence in question to read:
This set-off should present no difficulty in future cases of this nature as Section 768.48(2) now requires that a judgment for a patient against a health care provider itemize each category of damages into amounts intended to compensate for losses incurred prior to the verdict and amounts intended to compensate for losses to be incurred in the future.
Except as to this sentence, we adhere to the original opinion and deny the appellant's motion for clarification, and appellee's motion for rehearing.
On suggestion of appellee we certify the following question to the Supreme Court of the State of Florida as one of great public importance:
Whether a judgment for personal injuries recovered during life-time of an injured person bars a subsequent wrongful death action by the personal representative of the deceased where death is a result of the same injuries.
NOTES
[1] The Florida court found that even though an independent right exists under the statute, this statute did not extend that right to cases of death from injury caused by unseaworthiness of vessels on navigable waters within Florida because the doctrine of unseaworthiness is based on strict liability and not on negligence or culpable fault. (Since then the Florida statute has been rewritten to include not only negligence but also breach of contract or warranty). The United States Supreme Court reversed, finding that the wrongful death action was permissible under general maritime law in situations not covered by the Death on the High Seas Act.
[2] Though the cases cited by the court in Warren generally support its holding, none are authority for the principle that judgment for decedent bars a subsequent wrongful death action. The result obtained is not logically consistent with the oft-stated supreme court holding that the Act creates an independent cause of action so the case stands only on public policy grounds. The New Jersey Supreme Court in Alfone, supra, suggests that settlement and release may be conclusive only as to those persons included in the agreement who subsequently are determined to be wrongful death beneficiaries. Though logical, as a rule its effect might be to discourage settlements.

In Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA 1974), cert. denied, 297 So.2d 836 (Fla. 1974), a wife and husband were injured in an automobile accident; the husband eventually died from those injuries. Prior to his death the husband signed a comprehensive release, including release of any claim for wrongful death. The wife subsequently brought an action to recover for her own injuries. The jury was given a broad charge that the wife could recover for any loss caused by the injuries and subsequent death of husband including loss of consortium.
Prior to the court's holding in Gates v. Foley, 247 So.2d 40 (Fla. 1971) the wife had no independent right to sue for loss of consortium and, because the husband had signed the release prior to the Gates decision, the claim would normally be barred. In this case, however, because the Gates decision changed the law after judgment but pending the appeal, the appellate court reversed for a new trial in which the wife could prosecute her individual claims for personal injuries and her loss of consortium. This holding supports the Warren decision and is consistent with Shiver and the other cases holding that the wrongful death action creates an independent right.
In Boole v. Florida Power & Light Company, 147 Fla. 589, 3 So.2d 335 (1941), the court held that a directed verdict in a wrongful death action was improperly granted decedent. The wife had presented substantial evidence which would void the release signed by her husband prior to his death, i.e., mutual mistakes as to seriousness of injury and not intent that the release cover injuries not then known or contemplated. This also supports the Warren holding that a release bars a subsequent wrongful death action.
In Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928), the court held that a settlement during his lifetime, by an employee injured in interstate commerce, of his right of action under the Employers' Liability Act (1908) prevented recovery by his administrator after his death. The Court's concern was with the problem of double recovery as it noted that neither the Liability Act nor Lord Campbell's Act (model for the wrongful death acts) defined the nature of the damages to be recovered.
In Walrod v. Southern Pacific Co., 447 F.2d 930 (9th Cir.1971) the court held that a prior judgment barred a subsequent wrongful death action brought pursuant to the Federal Employers' Liability Act (45 U.S.C. § 51). The court cited Mellon and stated that the right was derivative and dependent upon the continuance of the right of the injured employee at the time of his death. This is not nor ever was the law in Florida. Nor can the court's reasoning be reconciled with the Supreme Court case of Gaudet, supra, holding that the wrongful death statute created an independent cause of action.
[3] The usual method of dealing with the two causes of action so as to prevent double recovery has been to allocate the pain and suffering, expenses and loss of earnings of the decedent up to the date of his death to the survival action and hence to the estate and survivors. W. Prosser, supra at 906.
[4] Whether the acts giving rise to the personal injury claim also caused death is not an issue in this case. Where there is such an issue, it would have to be litigated as part of the wrongful death action.
[5] Unlike the dissent, we believe Florida court decisions prior to Shiver v. Sessions, supra, consistently hold that Florida's wrongful death act creates an independent cause of action in the statutory beneficiaries. The court in Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894), held, in part, that even though certain statutory beneficiaries had standing to sue under Florida's wrongful death act, they could not recover where the doctrine of comparative negligence prevented liability on the part of the defendant to the decedent. See, e.g., Collins v. Hall, supra. These cases are in complete accord with our findings above that the "event which could have entitled the person injured to maintain an action and recover damages" refers to the initial liability of the tortfeasor to the decedent and that a prior determination of liability or lack of liability is binding on the issue of that liability in a subsequent wrongful death action. We find no binding precedent for holding that a judgment recovered for personal injuries during a lifetime bars a subsequent wrongful death action on behalf of the statutory beneficiaries in these cases, in Warren v. Cohen, supra, or in the cases cited by the court in Warren, supra. Roberts v. Union Carbide Corp., 415 F.2d 474 (3d Cir.1969), is a federal case in which the court noted that the New Jersey supreme court had not yet ruled on the issue. The subsequent decision of the New Jersey supreme court in Alfone v. Sarno, supra, has destroyed any precedential value Roberts, supra, may have had. The case of Schlavick v. Manhattan Brewing Co., 103 F. Supp. 744 (N.D.Ill. 1952), brought under the Indiana wrongful death statute, is a settlement case. The holding in Warren v. Cohen, supra, at 131, is limited to a "release signed by the decedent prior to her death."
[1] § 768.19, Fla. Stat. (1979), quoted supra.
[2] Chapter 3499; statute approved February 28, 1883.