Janet H. HALL et al.

v.

Frederick H. KNUDSEN et al.

v.

STATE of Rhode Island.

No. 85–239–Appeal.

Supreme Court of Rhode Island.

Jan. 20, 1988.

Paul V. Reynolds, John Boland, Boyer, Reynolds & DeMarco, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Richard B. Woolley, Asst. Atty. Gen., Bradford Gorham, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes to us on appeal from a grant of the third-party defendant's motion to dismiss by the Superior Court justice in this wrongful-death claim brought by the third-party plaintiff and widow of Frederick H. Knudsen, Ann M. Knudsen, on behalf of herself and her son David, as intervenors. We affirm the decision of the trial justice.

Frederick Knudsen and his wife, Ann Knudsen, were involved in a motor-vehicle collision with Janet Hall. The Knudsens filed suit against Hall, claiming an orthopedic injury and an exacerbation of his multiple sclerosis. In June 1981 the Knudsens settled their claims against Hall, and both parties signed and executed releases. The parties also signed dismissal stipulations discharging the Knudsens' complaint against Hall with prejudice.

The Knudsens proceeded in a claim against the State of Rhode Island for negligent maintenance of the intersection where the collision had occurred. A Superior Court jury found Frederick Knudsen, Janet Hall, and the state all negligent to varying degrees. The trial justice granted the state's motion for directed verdict. This court upheld that ruling on appeal, holding that the state owed no special duty to the Knudsens. *Knudsen v. Hall,* 490 A.2d 976 (R.I. 1985).

While that appeal was pending, Janet Hall filed a separate action against the Knudsens. The State of Rhode Island was joined as a third-party defendant in the action. On May 24, 1983, Frederick Knudsen died purportedly because of multiple sclerosis. A default was entered against the state on March 1, 1983.

Thereafter, on April 4, 1984, Ann Knudsen, on behalf of herself as widow and on behalf of her minor son, David Knudsen, moved to intervene in this action. They filed a counterclaim for wrongful death against Janet Hall and an additional claim against the state. This motion was granted in an order entered June 21, 1984.

In response to this adjudication, third-party defendant, Janet Hall, moved to dismiss the claim of third-party plaintiffs, Ann Knudsen and her son David Knudsen, on the grounds that the wrongful-death claim was barred by the release previously executed by Mr. Knudsen and the dismissal stipulation filed in the original action against Hall. The trial justice granted third-party defendant's motion to dismiss the wrongful-death action.

The sole issue for review is whether the trial justice erred in his statutory interpretation of G.L. 1956 (1985 Reenactment) § 10–7–1 in holding that the release signed by Frederick Knudsen before his death barred a wrongful-death action by his widow and son.

The Rhode Island Wrongful Death Statute, § 10–7–1, provides:

"Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, *and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony." (Emphasis added.)

Noting a split of authority on this issue, the trial justice interpreted Rhode Island's wrongful-death statute, § 10–7–1, in accordance with the majority view that holds that a release of a cause of action will operate as a bar to any subsequent suit founded upon the decedent's death. *Hutton v. Davis,* 26 Ariz.App. 215, 547 P.2d 486 (1976); *Warren v. Cohen,* 363 So.2d 129 (Fla.Dist.Ct.App. 1978). The trial jus-

tice recognized that a wrongful-death action is an independent action on behalf of a decedent's beneficiaries but held that its existence depends on the viability of a personal-injury action in the decedent at the time of death. Frederick Knudsen willingly released Janet Hall from all present and future liability and, further, allowed his claim to be dismissed with prejudice. Therefore, the trial justice determined that since the release barred Frederick Knudsen from filing any subsequent cause of action, a wrongful-death action cannot be maintained by his widow or son. We agree with the determination made by the trial justice and hold that the judgment granting third-party defendant's motion to dismiss was correct.

In *Carrigan v. Cole*, 35 R.I. 162, 165, 85 A. 934, 935 (1913), this court stated that "[u]nder the common law no action for damages by reason of death by wrongful act could be maintained." *Id.* In response to this harsh rule, Parliament in 1846 enacted Lord Campbell's Act, 9 & 10 Vict., c. 93, which permitted a right of action for wrongful death on behalf of a spouse, parent, or child of the decedent. The Rhode Island Wrongful Death Statute is modeled after Lord Campbell's Act, and the language is similar. The majority rule interpreting such statutes is that a prior recovery by a decedent in a personal-injury action will bar recovery in a wrongful-death action predicated on the same injuries. *Hutton v. Davis*, 26 Ariz.App. at 216, 547 P.2d at 487; *Warren v. Cohen*, 363 So.2d at 131; *Alfone v. Sarno*, 87 N.J. 99, 127–128, 432 A.2d 857, 872 (1981) (Clifford, J. dissenting) ("22 Am.Jur.2d *Death* §§ 90, 91 (1965); *Annot*, 39 A.L.R. 579 (1925); F. Harper & F. James, *The Law of Torts* § 24.6 (1956); W. Prosser, *The Law of Torts* § 127 at 910–14 (4th ed. 1971); *Restatement (Second) Judgments* § 92.1 (Tent.Draft No. 3, April 15, 1976); S.M. Speiser, *supra*, at § 5.20. The Reporter's Note to the *Restatement (Second) Judgments* § 92.1, *supra*, concludes that the 'clear weight of authority is that a prior judgment for or against the decedent precludes a wrongful death action by his beneficiaries' ").

It has been stated that:

"Most 'true' wrongful death statutes, patterned after the original Lord Campbell's Act, provide that recovery for wrongful death depends upon the existence in the injured person, at the time of his death, of a right of action to recover for the personal injury. This condition—relating to the right to maintain an action by decedent until the time of his death—has led many courts to hold that in the absence of fraud, duress, inadvertence or mistake, no right of action remains to the persons named in the statute after decedent compromises his claim with the wrongdoer or executes a release for a valuable consideration." 1 S.M. Speiser, *Recovery for Wrongful Death* § 5.14 at 614 (2d ed. 1975).

No evidence exists to suggest that the release executed by Frederick Knudsen and Janet Hall and the release executed by Ann Knudsen and Janet Hall, dated June 30, 1981, were tainted by fraud, duress, inadvertence, or mistake. In addition the record recites that compensation was paid to the Knudsens in exchange for the releases with Janet Hall for all present and future liability. The dismissal stipulation dated June 24, 1981, was properly executed and specifically dismissed plaintiffs' complaint with prejudice.

The third-party plaintiff, Ann Knudsen, suggests that we adopt the minority view and interpret § 10–7–1 as a separate and distinct cause of action based on the theory that the cause of action for death does not arise until decedent's death and that it should be unaffected by acts of the injured person during his lifetime and that decedent could not have disposed of the right before it arose. We do not agree with the courts that embrace the minority view.

In supporting her contention, plaintiff cites *Sea-Land Services Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed. 2d 9 (1974), in which the United States Supreme Court allowed the widow of a longshoreman to bring a wrongful-death action under general maritime law where the long-

shoreman had recovered in a personal-injury suit before his death. In this case the injuries were sustained in territorial waters where the Death on the High Seas Act, the counterpart to state wrongful-death statutes, did not apply. Subsequently the Court narrowed this view by emphasizing that the application of *Gaudet* was limited to coastal waters where the Death on the High Seas Act did not apply. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581, *reh. denied,* 439 U.S. 884, 99 S.Ct. 232, 58 L.Ed.2d 200 (1978). Therefore, the trial justice properly concluded that *Sea-Land Services Inc. v. Gaudet,* was not applicable to the case at bar.

Accordingly, it is our judgment that the trial justice was correct in his interpretation of § 10–7–1, holding that a release of a cause of action bars a subsequent wrongful-death action founded upon decedent's death. We believe this holding accords with the legislative intent that requires a condition precedent; the action depends completely upon the decedent's right to sue for his own injuries at the time of his death, and the wrongful-death action can be maintained only if the decedent would have been able to maintain an action if death had not ensued.

A holding to the contrary would undermine the legislative intent of § 10–7–1 and thwart public policy favoring settlement of lawsuits. Moreover, release and settlement agreements and the express intent of language contained therein would not effectually abdicate future claims. Tortfeasors unable to extinguish claims would forever linger, suffering lack of repose.

We affirm the judgment of the trial justice. The third-party plaintiff's appeal is denied and dismissed. The papers in the case are remanded to the Superior Court.