DECISION
The within declaratory judgment action is before the Court pursuant to plaintiff's motion for summary judgment. The pertinent facts are as follow.
On May 13, 1989, a wedding reception was held for Raymond Pelchat and Bonnie Lynn Dumas Pelchat. They left in the early morning hours on May 14 and were involved in a head-on collision with another vehicle. Raymond Pelchat was driving. Bonnie Lynn died as a result of the accident. The vehicle was insured by the plaintiff, and the decedent was the insured. The administrator for Bonnie Lynn's estate filed a wrongful death action, number WC 92-0275, on May 13, 1992. Prior to that Raymond Pelchat had pled nolo contendere to a charge of Driving Under the Influence — Death Resulting and had received a suspended sentence.
The plaintiff filed the within action on September 8, 1992 seeking a declaration that it is against public policy to "permit Raymond Pelchat to recover as the sole statutory beneficiary of the estate of Bonnie Lynn Pelchat in the wrongful death action against himself." Both plaintiff and defendant, administrator, have previously filed summary judgment motions in this action. The motions were heard by this Court, Judge Famiglietti sitting, on December 2, 1993. This Court held that O'Leary v. Bingham,90 R.I. 159 A.2d 619 (1960) prohibited identification of the proper beneficiaries of a wrongful death action until after entry of judgment, and it denied both motions without prejudice. Consent judgment against Raymond Pelchat has entered in the wrongful death action. Plaintiff now renews its motion for summary judgment in the within action.
The plaintiff is moving for summary judgment seeking a declaration that there is no coverage in the wrongful death action because Raymond Pelchat, as the husband of Bonnie Lynn, is the only rightful beneficiary of wrongful death damages under Rhode Island law, and public policy prohibits indemnity. The plaintiff asserts that Bonnie Lyman's parents seek to attach the wrongful death benefits provided by R.I.G.L. § 10-7-1.1
through the estate and argues that "This simply cannot be allowed." The plaintiff notes that § 10-7-10 specifically provides that ". . . all damages recovered under §§ 10-7-1
through 10-7-4, inclusive, shall be recoverable by and awarded to those beneficiaries as specified in § 10-7-2 and shall not be deemed or considered damages to the estate of the decedent." The plaintiff further notes that § 10-7-2 provides, in pertinent part, that "every such action . . . shall be brought by and in the name of the executor or administrator . . . and if there be no children the whole shall go to the husband or widow, and, if there be no husband or widow, to the next of kin in preparation provided by law in relation to the distribution of personal property left by persons dying intestate." The plaintiff argues that it is clear that Bonnie Lynn's parents right of recovery was extinguished the moment she married Raymond. Finally, plaintiff argues that the "Slayer's Act" has no application here because § 33-1.1-1 defines a slayer as "any person who willfully and unlawfully takes the life of another," and there is no evidence Raymond Pelchat "willfully" caused his wife's death. Also, plaintiff argues that the "law of the case" doctrine requires a finding that the estate cannot recover, citing Judge Famiglietti's decision on its earlier summary judgment motion.
The defendant Goodsell, administrator for the estate, objects to plaintiff's motion and argues that because the marriage between Raymond and Bonnie Lynn was never consummated, they were never legally married; therefore Bonnie Lynn was single at the time of her death. In the alternative, defendant argues that the slayer's act is applicable in this case and since Raymond, as a "slayer" will be deemed to have predeceased Bonnie under §33-1.1-3, Bonnie died a widow; since she had no children the damage recovery in the wrongful death action pass to her next of kin pursuant to § 10-7-2, namely, her parents.
First, this Court will briefly discuss both plaintiffs "law of the case" argument and defendant's argument that there was no marriage because it was never consummated. This Court finds both of these arguments to be without merit. A careful reading of Judge Famiglietti's earlier decision reveals that both earlier motions were denied because O'Leary precluded the Court from making a determination as to the identity of beneficiaries until after a judgment had been entered awarding damages. The Court did not decide the applicability of the "Slayer's Act," and it noted that ". . . should wrongful death damages be awarded at a future date, Commercial Union would not be collaterally estopped from litigating the application of the Slayer's Act in furtherance of this declaratory judgment action." (Transcript at pg. 9.) This Court also noted that defendant's argument that the parties were still single seemed to be "without support." Defendant has not introduced any legal authority for the proposition that consummation is a prerequisite to a legal marriage, and plaintiff has introduced the marriage license and certificate which indicates that Raymond and Bonnie Lynn were married in a religious ceremony on May 13, 1989. Accordingly, this Court holds that the couple was legally married at the time of the accident.
In deciding the remaining issues in this case the Court is guided by the decision in Aetna Casualty and Surety Co. v.Curley, 585 A.2d 640 (R.I. 1991), wherein a child who was the sole beneficiary of her father's estate was negligent in starting a fire which caused his death. In denying recovery the Court held that "Certainly [the daughter] is not an innocent bystander. Because of her negligence, her father died. Just as the public policy of this state would be offended if we were to allow an intentional wrongdoer to benefit from his or her own wrongful act." Id. at 643.
Clearly, in this case, Raymond Pelchat should not benefit front his wrongful act. Recovery by other beneficiaries is not precluded in this case. In Curley the daughter of the decedent was the sole beneficiary and "the only person with any interest in the jury award." Id. at 643. That is not the case in the within action where there are other beneficiaries.
When first enacted in 1853, Rhode Island's Wrongful Death Act, modeled after Lord Campbell's Act, was intended to compensate the families of person wrongfully killed. Curley at 642. This was In response to the "harsh rule" that under the common law no action for damages by reason of death by wrongful act could be maintained. See Hall v. Knudsen, 535 A.2d 772, 774 (R.I. 1988). As noted above, § 10-7-2 lists the individuals who may recover damages in a wrongful death action. First priority is given to the spouse and children of the decedent. If there were no children, then all to the spouse, and if no spouse then to the next of kin, who in this case are Bonnie Lynn's parents. Plaintiff argues that immediately upon the marriage of Bonnie Lynn to Raymond, Bonnie Lynn's parents ceased being possible beneficiaries of any recovery of wrongful death damages. This Court disagrees. As noted above the wrongful Death Act was enacted to allow families to recover. Public policy mandates that there should be recovery in cases of wrongful death. Section10-7-2 merely establishes a priority ladder to whom such damages should go. Although Raymond Pelchat is "on the top rung," he cannot recover based on the reasons discussed in Curley. Removing him from the list of possible beneficiaries does not extinguish the list, as was the case in Curley. Here, because the couple had no children, the damages recovered in the wrongful death action should pass to Bonnie Lynn's next of kin.
The "slayer's act" also lends guidance in this case as it did in Curley. Section 33-1.1-15 discusses the reasoning behind the act and states "This chapter shall not be considered penal in nature, but shall be construed broadly in order to effect the policy of this state that no person shall be allowed to profit by his own wrong." Again, the policy is clear; wrongdoers shall not profit. Applying the "slayer's act" in this case results in the same outcome discussed above. Whether Raymond Pelchat's actions are considered wilful or negligent makes no difference in the outcome of this declaratory judgment action.
Notwithstanding such, this Court further finds that Raymond Pelchat's act of driving after consuming an amount of alcohol sufficient to constitute crime in this state, was an act of such reckless disregard as to rise to the level of wilful conduct as a matter of law. As such, this Court finds that the slayer's act applies to this case, and Raymond Pelchat shall be deemed to have predeceased the decedent. Accordingly, the beneficiaries of the damages in the wrongful death action are Bonnie Lynn's next of kin, Richard and Esther Dumas.
The plaintiffs motion for summary judgment is denied. Counsel shall prepare an entry for judgment in accordance with this decision.