547 P.2d 486

**Arthur J. HUTTON, Conservator of the Estates of Michel Triste, Calistro M. Triste, Jr., and Maria D. Triste, minors, Appellant,**

v.

**Milton DAVIS, Jr., Appellee.**

**No. 2 CA–CIV 2024.**

Court of Appeals of Arizona,
Division 2.

April 1, 1976.

Rehearing Denied April 20, 1976.
Review Denied May 18, 1976.

Mesch, Marquez & Rothschild, P.C. by Alfred C. Marquez, Figueroa & Miller by Jesse J. Figueroa, Tucson, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Killingsworth, Phoenix, for appellee.

OPINION

HOWARD, Chief Judge.

The issue to be decided in this case is whether a covenant not to sue executed by a decedent before his death bars a subsequent action for wrongful death brought on behalf of his surviving minor children.

Calistro M. Triste became seriously incapacitated during surgery at which Dr. Milton Davis, Jr. served as anesthesiologist. On September 16, 1970, Calistro M. Triste and Josephine Triste, husband and wife, filed a complaint against Dr. Milton Davis, Jr. alleging negligence on his part.

Because of Mr. Triste's condition, Josephine Triste was appointed guardian of his person and estate. Pursuant to negotiations between the parties, a settlement and compromise of claims was reached. In consideration of the sum of $400,000 Josephine Triste, individually, as guardian of her hus-

band, and as next best friend of the children, dismissed the pending action and covenanted not to sue Dr. Milton Davis, Jr. for any present or future claims relating to the alleged acts of negligence. Pursuant to an order signed July 13, 1971, the superior court approved this settlement agreement on behalf of Calistro M. Triste, Josephine Triste and the minor Triste children.

Calistro M. Triste died on February 14, 1973, leaving an estate in excess of $186,000, most of which can be traced to the settlement agreement. The same conservator who brought this wrongful death action accepted over $62,000 on behalf of the minor children from this estate.

On January 13, 1975, the conservator[1] filed a wrongful death action against Dr. Davis on behalf of the children. Defendant answered and later filed a motion for summary judgment which asserted that the prior settlement barred a subsequent wrongful death action. Defendant's motion for summary judgment was granted and the conservator now appeals from that judgment.

On appeal two issues are raised by appellant. We address ourselves to one issue which is determinative and therefore we need not discuss the second issue.

Appellant contends that since a wrongful death action is an original and distinct claim for damages sustained by the named beneficiaries, and, since the action neither derives from nor is a continuation of claims which formerly existed in the decedent, the covenant not to sue executed by decedent cannot bar a claim by the minor children. *Huebner v. Deuchle,* 109 Ariz. 549, 514 P.2d 470 (1973) disposes of appellant's contention. Even though the action is an independent one, and not derivative, the plaintiff must still bring himself within the terms of A.R.S. Sec. 12–611 which provides

that the action can be maintained only if the decedent would have been able to maintain it had death not ensued. The covenant not to sue executed in this case would have precluded decedent from maintaining an action against appellee had decedent lived.

Affirmed.

'KRUCKER and HATHAWAY, JJ., concur.

---

I. No question was raised below or on appeal as to whether the conservator was a proper party plaintiff. However, A.R.S. Sec. 12–612 provides that an action for wrongful death *shall* be brought either by the surviving spouse or the decedent's personal representative and in the case of a deceased unmarried minor, the personal representative, parent, or guardian. A wrongful death action must be brought in the name of the persons to whom the right is given by statute. *Solomon v. Harman,* 107 Ariz. 426, 489 P.2d 236 (1971); *Gomez v. Leverton,* 19 Ariz.App. 604, 509 P.2d 735 (1973).