715 P.2d 1236

Ruth SCHOENROCK,
Plaintiff-Appellant,

v.

CIGNA HEALTH PLAN OF ARIZONA, INC. (ABC–HMO, Inc.); Medical Care Providers, P.C. (Health Maintenance Associates, Ltd.); Padie Richlin, M.D., Defendants-Appellees.

No. 1 CA–CIV 7380.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1985.

Review Denied March 18, 1986.

Ely, Bettini & Ulman by Herbert L. Ely, Phoenix, for plaintiff-appellant.

Weyl, Guyer, MacBan & Olson by Thomas G. Bakker, Phoenix, for defendants-appellees.

OPINION

BROOKS, Judge.

This is an appeal from a summary judgment dismissing appellant's action for wrongful death. The issue is whether a decedent's settlement and release of his personal injury claim prior to death extinguishes any claim for wrongful death under A.R.S. § 12–611 for recovery of the survivor's damages.

On July 14, 1980, Carl Schoenrock (decedent) brought a medical malpractice action against appellee Padie Richlin, M.D. and corporate appellees' corporate predecessors (appellees). In his complaint, decedent alleged that appellees failed to timely diagnose a lung cancer. As a result, decedent alleged that his life was jeopardized and shortened. He sought recovery for past

and future special losses and expenses, and for general damages.

In May of 1981, decedent accepted the sum of $30,000 in settlement of all claims and stipulated to a dismissal of his action against appellees with prejudice. The order of dismissal was entered on May 18, 1981.

Decedent died of cancer on November 28, 1982. On June 17, 1983 Ruth Schoenrock, decedent's widow (appellant), filed a wrongful death action against appellees. Appellees sought dismissal of the claim on the ground that since decedent could not have maintained an action to recover damages "if death had not ensued", his surviving spouse was precluded from pursuing a wrongful death claim under the express provisions of A.R.S. § 12–611.[1] Appellees' motion to dismiss was treated as a motion for summary judgment pursuant to Rule 12(b), Arizona Rules of Civil Procedure and summary judgment was thereafter entered in their favor. Appellant appeals from this judgment.

Arizona's wrongful death statute is patterned after the original Lord Campbell's Act of England[2] to "create a new cause of action for the benefit of the beneficiaries named in the statute." *Estate of Milliman*, 101 Ariz. 54, 60, 415 P.2d 877, 883 (1966). Lord Campbell's Act became the prototype of American wrongful death statutes and the language has been interpreted by the majority of state courts in accordance with early English cases holding that recovery was conditioned upon the existence of a cause of action held by the decedent at his death.[3] If the decedent reduced his claim to judgment or settled with and released the tortfeasor prior to his death, his dependants could have no cause of action for his wrongful death. Thus, the majority rule allows a cause of action for wrongful death only when the decedent could have maintained an action for his injuries up to the time of death. This view recognizes that:

> [s]ince the injured individual is not merely a conduit for the support of others, he is master of his own claim and he may settle the case or win or lose a judgment on his own injury even if others may be dependent upon him. If he lives after such a settlement, both he and his dependent take the consequences of the settlement, and the majority of courts hold that the same is true if he thereafter dies from the injuries.

Prosser & Keeton, *Law of Torts* § 127 at 955 (5th ed.1984). Thus, in *Mellon v. Goodyear*, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed 906 (1928), an employee who was seriously injured in an on-the-job accident agreed to an out-of-court settlement with his employer. After the employee's death, his widow brought a wrongful death action against the employer on behalf of herself and her children. The court held that a settlement by the wrongdoer with the injured person precluded any remedy by the personal representative based upon the

---

**1.** A.R.S. § 12–611, states in relevant part:

When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured. . . .

**2.** Lord Campbell's Act, 9 & 10 Vict., c. 93, An Act for compensating the Families of Persons killed by Accidents (Aug. 26, 1846):

Whereas no Action at Law is now maintainable against a Person who by his wrongful Act, Neglect, or Default may have caused the Death of another Person . . .: Be it therefore enacted . . . That whensoever the Death of a Person shall be caused by wrongful Act, Neglect, or Default, and the Act, Neglect, or Default is such as would (if Death had not ensued) have entitled the Party injured to maintain an Action and recover damages in respect thereof, then and in every such Case the Person who would have been liable if Death had not ensued shall be liable to an Action for Damages, notwithstanding the Death of the Person injured, and although the Death shall have been caused under such Circumstances as amount in Law to Felony.

**3.** *See Variety Children's Hospital v. Perkins*, 445 So.2d 1010 (Fla.1983); *Murphy v. Boston & Main Railroad*, 216 Mass. 178, 103 N.E. 291 (1913); *State Farm Automobile Ins. Co. v. Leary*, 168 Mont. 482, 544 P.2d 444 (1975); *Moen v. Hanson*, 85 Wash.2d 597, 537 P.2d 266 (1975).

same wrongful act. 277 U.S. at 344, 48 S.Ct. at 544.

The *Mellon* position was applied in *Walrod v. Southern Pacific Co.*, 447 F.2d 930 (9th Cir.1971). In this case, applying Arizona law, the court held that the decedent's judgment against his employer effectively precluded his beneficiaries from satisfying the prerequisite for a wrongful death action. Following this majority view, Arizona courts have consistently held that our wrongful death statute permits an action for wrongful death only if the decedent could have maintained an action had that person lived. *Gibson v. Boyle*, 139 Ariz. 512, 515, 679 P.2d 535, 538 (App.1984). *See e.g., Fernandez v. Romo*, 132 Ariz. 447, 646 P.2d 878 (1982), *Delozier v. Smith*, 22 Ariz.App. 136, 524 P.2d 970 (1974).

▇ We note that in *Huebner v. Deuchle*, 109 Ariz. 549, 514 P.2d 470 (1973), our supreme court stated that a wrongful death claim under A.R.S. § 12–611 is not derived from the decedent's claim. Rather, the wrongful death act confers an original and distinct claim for damage sustained by the named beneficiaries. However, even though the action is independent and not derivative, the plaintiff must still bring himself within the terms of A.R.S. § 12–611. *Hutton v. Davis*, 26 Ariz.App. 215, 216, 547 P.2d 486, 487 (1976). A wrongful death action may be maintained only if the decedent would have been able to maintain an action "had death not ensued." *Id.* In *Hutton*, a covenant not to sue executed by the decedent would have prevented the decedent from maintaining an action had he lived. Therefore the subsequent action for wrongful death was barred.

A minority of courts have concluded that almost identical statutory language does not preclude a wrongful death action where the decedent brought a personal injury suit for damages during his lifetime. This interpretation focuses on:

> the tortious character of the conduct resulting in death, and not on procedural or jurisdictional matters which would have barred the decedent from instituting suit at the time of his death.

*Alfone v. Sarno*, 87 N.J. 99, 432 A.2d 857, 861 (1981). This is a construction which Arizona's courts have never adopted, despite numerous opportunities to do so. A potential consequence of allowing a wrongful death action to be maintained under these circumstances is the potential for duplicating elements of damages already recovered by the decedent in the personal injury action. In *Alfone* the court created its own solution to this problem. The court suggested that no elements of damages could be sought or recovered in a wrongful death action that were or could have been recovered in the earlier personal injury action. The court also created an exception to this rule if, during a pre-trial hearing, it was determined that the true extent of decedent's injuries could not have been reasonably discovered during the earlier action. As the court recognized, however, this approach creates a strong disincentive to settlement. A defendant would be reluctant to settle a claim with a victim during his or her lifetime if the survivors were permitted to bring their own action upon the victim's death.

Further, under the minority approach, the tortfeasor may be subject to the prospect of litigation seemingly without end. It would not be possible for the tortfeasor to buy his peace once and for all unless all potential statutory beneficiaries could be persuaded to agree to a settlement during the victim's lifetime. This might well be a futile effort since the class of statutory beneficiaries is not fully known until the date of death.

The United States Supreme Court recently accepted the minority position in *Sea-Land Services Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). However, it has been noted that the Supreme Court has applied the minority rule *only* in cases involving seamen injured in territorial waters, and in other cases the same court has consistently applied the majority rule. Prosser & Keeton, *supra* § 127 at 956. The reason for this distinction is apparent in the *Sea-Land* decision. The Court noted that most state wrongful death statutes are based on Lord Camp-

bell's Act, and contain almost identical language conditioning recovery upon the existence of an actionable cause of the decedent at his death. However, the Court recognized that the maritime wrongful death remedy is nonstatutory. In *Moragne v. States Marine Lines,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), the Court created a uniform federal cause of action for maritime death. Therefore, in *Sea-Land,* the Court was not bound by any limiting statutory language. 414 U.S. at 583, 94 S.Ct. at 814. This case is clearly distinguishable from the present case in that Arizona courts have expressly recognized that a wrongful death plaintiff must bring himself within the statutory terms. *See Hutton v. Davis, supra.*

▪ In the present case, the decedent was the "master of his own claim." He maintained the action and settled the claim prior to his death. He and his dependents must take the consequences of his settlement.

[T]he trial or settlement in the decedent's lifetime is intended to cover all damages, including earnings he would have received if he had lived out his normal life and out of which the benefits to the survivors would be expected to come. If the damages were fairly estimated, there has been a full recovery already; if not, there is still no more basis for setting aside a concluded settlement than there is in any other case.

Prosser & Keeton, *supra,* § 127 at 956.

The Arizona Supreme Court in *Summerfield v. Superior Court,* 144 Ariz. 467, 698 P.2d 712 (1985), recently discussed the statutory requirement that the deceased "have been able to maintain an action if death had not ensued." The question the court had to address was whether a stillborn fetus would have been able to maintain an action had it lived. The court resolved this question by relying on a Missouri Supreme Court decision also dealing with fetal rights, which held that the Missouri statute

"permits an action at *any time* during the life the injured *would have had* if death had not ensued." 144 Ariz. at 476, 698 P.2d at 720 (emphasis added), citing *O'Grady v. Brown,* 654 S.W.2d 904, 910 (Mo. 1983). The *Summerfield* court concluded that but for the injury, the child would have been born and entitled to recover, thus satisfying the statutory requirement for wrongful death. In both *Summerfield* and *O'Grady,* but for the fact that the injury resulted in death, the child would have been born and would be entitled to recover from the defendants. In the present case, however, even if the decedent's injury had not resulted in death, he still would be precluded from maintaining an action because of the settlement. Accordingly, we hold that the decedent's settlement and release of his personal injury claim prior to death extinguished any claim for wrongful death under A.R.S. § 12–611 for recovery of the survivor's damages.

▪ Appellant maintains that this interpretation of A.R.S. § 12–611 violates Art. 18, § 6, of the Arizona Constitution because a wrongful death action is barred before it can legitimately be asserted. We do not agree. Art. 18, § 6 applies only to rights recognized by the common law at the time the constitution was adopted. *Morrell v. City of Phoenix,* 16 Ariz. 511, 147 P. 732 (1915). A cause of action for wrongful death is purely statutory and may be granted or limited by the legislature. *Halenar v. Superior Court,* 109 Ariz. 27, 504 P.2d 928 (1972).[4]

For the foregoing reasons, the judgment of the trial court is affirmed.

GREER and JACOBSON, JJ., concur.

---

**4.** The court in *Summerfield v. Superior Court, supra,* went to great lengths to explain the basis for judicial application of common-law to the interpretation of the wrongful death statutes. The court's dicta, however, does not establish a common-law cause of action .for wrongful death. It merely concludes that "common-law principle and policy must play a role in the interpretation of A.R.S. § 12–611 *et seq."*