Ruth DAVIS, individually and as Special
Administrator for the Estate of
James R. Davis, Plaintiff-Appellant,

v.

DOW CHEMICAL CORP., a Delaware
corporation, Defendant-Appellee.

No. 86–2476.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1987.

Decided June 5, 1987.

Mary E. Alexander, San Francisco, Cal., and Frank Lesselyong, Phoenix, Ariz., for plaintiff-appellant.

Merton E. Marks, Phoenix, Ariz., for defendant-appellee.

Before HUG, NELSON and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

Plaintiffs appeal from the district court's grant of a motion for judgment on the pleadings. The court held that the two-year statute of limitations in Ariz.Rev.Stat. § 12–542(2) barred the plaintiffs' wrongful death action. We reverse and remand.

## I. BACKGROUND

The plaintiffs' decedent, James R. Davis, died from cancer of the kidney on October 9, 1976. The plaintiffs, Davis' wife and two daughters, asserted that the cancer was caused by exposure to dioxin, a chemical manufactured by the defendant, Dow Chemical Corporation ("Dow"). Davis had been exposed to dioxin by using a garden herbicide produced by Dow. The plaintiffs contended that at the time of Davis' death they did not know of, and could not reason-

ably have known of, the link between dioxin and cancer of the kidney. They alleged that they discovered, and "in the exercise of reasonable diligence should have discovered," the link between dioxin and cancer only in April 1984, when certain facts about dioxin became public. On May 7, 1985, the plaintiffs brought suit for wrongful death pursuant to Ariz.Rev.Stat.Ann. §§ 12–611 to –613 (1982).

The plaintiffs filed this action almost nine years after Davis' death but less than two years after the alleged date of discovery of the link between Dow's chemical and Davis' death. Dow moved for judgment on the pleadings pursuant to Fed.R. Civ.P. 12(c), contending that Ariz.Rev.Stat. Ann. § 12–542(2) barred any action for wrongful death not prosecuted within two years of the victim's death.[1] The district court, with the consent of the parties, certified two questions of law to the Arizona Supreme Court: (1) whether the date of discovery rule in determining accrual dates for a statute of limitations applies to the wrongful death statute, and (2) whether the wrongful death statute of limitations violates article 18, section 6 of the Arizona Constitution [2] by barring an action before it reasonably could be discovered. The Arizona Supreme Court declined jurisdiction, stating that it "appear[ed] that *Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984) contains the answers to the questions in this matter."

The district court subsequently decided that the "reasoning of *Kenyon* does not extend to an action for wrongful death," concluded that the plaintiffs' action was time-barred, and granted Dow's motion for judgment on the pleadings. On appeal, the plaintiffs primarily argue (1) that the discovery rule applies to the wrongful death

---

1. The statute provides in pertinent part:
 [T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
 . . . .
 2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured.

Ariz.Rev.Stat.Ann. § 12–542 (Supp.1986).

2. This provision states:
 The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.
 Ariz. Const. art. 18, § 6.

statute of limitations, and (2) in the alternative, that the statute of limitations, as applied by the district court in this case, violates article 18, section 6 of the Arizona Constitution, as well as the state equal protection clause in article 2, section 13. The plaintiffs further contend that Dow's alleged fraudulent concealment of information concerning dioxin should toll the statute of limitations.

## II. DISCUSSION

This court reviews de novo a district court's interpretation of state law. *MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799, 801 (9th Cir.1986). Although the Arizona Supreme Court directed the district court to follow *Kenyon,* that case did not reach either of the precise questions the district court sought to have resolved on certification.[3] We believe that the reasoning of *Kenyon,* supported by the holding of an Arizona appellate case decided after the district court's decision, requires a conclusion different from the one the district court reached.

### A. Judicial Construction of the Discovery Rule

Arizona's statute of limitations governing tort actions provides generally that actions must be commenced and prosecuted "within two years after the cause of action accrues." Ariz.Rev.Stat.Ann. § 12–542 (Supp.1986). This statute does not define the point at which most tort actions accrue. Arizona courts have adopted the discovery rule for these tort actions and held that such an action accrues when the plaintiff knew or by the exercise of reasonable diligence should have known that a claim exists. *Kenyon v. Hammer,* 142 Ariz. 69, 76 & n. 6, 688 P.2d 961, 968 & n. 6 (1984); *Mayer v. Good Samaritan Hosp.,* 14 Ariz. App. 248, 250–52, 482 P.2d 497, 499–501 (1971); *see Yazzie v. Olney, Levy, Kaplan & Tenner,* 593 F.2d 100, 102–03 (9th Cir. 1979). The "discovery rule is simply a judi-

cial construction of the word 'accrues.' " which is otherwise undefined in the statute. *Kenyon,* 142 Ariz. at 76 n. 6, 688 P.2d at 968 n. 6.

The plaintiffs contend that the discovery rule should similarly apply to the wrongful death statute of limitations. *Kenyon* does not support this contention. The court in *Kenyon* refused to apply the discovery rule to the state's medical malpractice statute of limitations, which specified that a cause of action for medical malpractice accrues as of "the date of injury." Ariz.Rev.Stat. Ann. § 12–564(A) (1982) (repealed 1985). The court observed that this statute, along with the wrongful death statute of limitations, is "the only tort statute which contains a legislative definition of the term 'accrues.' " *Kenyon,* 142 Ariz. at 76 n. 6, 688 P.2d at 968 n. 6. The court held that the clear language of the statute demonstrated a "legislative intent ... to abolish the discovery rule" for medical malpractice actions. *Id.* at 76, 688 P.2d at 968. The court concluded that the statute of limitations on its face bars the claim, "unless that statute is for some reason found constitutionally infirm." *Id.*

The wrongful death statute of limitations also defines a particular time of accrual: "the death of the party injured." Thus, like the statute in *Kenyon,* it is not amenable to judicial construction of the word "accrues." The district court correctly held that the discovery rule does not, as a matter of judicial construction, apply to the wrongful death statute in § 12–542(2). *See Anson v. American Motors Corp.,* No. 1–CA–CIV–7625, slip op. at 9–10 (Ariz.Ct. App. Mar. 31, 1987); *Gomez v. Leverton,* 19 Ariz.App. 604, 606, 509 P.2d 735, 737 (1973). Like the court in *Kenyon,* we are "squarely faced with the constitutional issues." *Kenyon,* 142 Ariz. at 76, 688 P.2d at 968.

---

**3.** *Kenyon* involved claims for medical malpractice brought by a husband and wife for injury done to the wife and to their baby. Although the parents had filed a claim for wrongful death because the baby was stillborn, the court ruled

that the medical malpractice statute of limitations superseded the wrongful death statute of limitations and that the wrongful death statute would not apply. *Kenyon v. Hammer,* 142 Ariz. 69, 71–72, 688 P.2d 961, 963–64 (1984).

### B. The Constitutionality of the Statute of Limitations

In *Kenyon*, the Arizona Supreme Court held that the right to bring an action for bodily injury is a fundamental right under the Arizona Constitution. *Id.* at 83, 688 P.2d at 975. Applying a strict scrutiny analysis to Ariz.Rev.Stat.Ann. 12–564, the court concluded that the abolition of the discovery rule for some malpractice claims, but not others, violated the state equal protection clause because it was not shown to be necessary to the achievement of a compelling state interest. *Id.* at 77–87, 688 P.2d at 969–79. In order to avoid this constitutional infirmity, the court held that Arizona courts must apply the discovery rule in cases in which the three-year statute of limitations would otherwise bar an action before it reasonably could be discovered. *Id.* at 87, 688 P.2d at 979. The concurring opinion rested solely on the contentions that "the right to bring an action ... is ... a fundamental right" under the Arizona Constitution and that "[a] statute of limitations ... which abrogates an action for damages even before the action arises or can reasonably be discovered is unconstitutional" under article 18, section 6 of the Arizona Constitution. *Id.* at 87–88, 688 P.2d at 979–80 (Hays, J., concurring). The majority opinion expressed agreement with that position. *Id.* at 78 n. 8, 688 P.2d at 970 n. 8.

We believe that either rationale supports a similar conclusion in this case. In *Anson*, a decision of the Arizona Court of Appeals rendered after the district court's decision in this case, the court held that the right to bring a wrongful death action is a fundamental right under article 18, section 6 and article 2, section 31[4] of the Arizona Constitution. *Anson*, slip op. at 9–10. The court reasoned that the "special burden" placed on a group of tort claimants by the denial of the discovery rule in wrongful death actions was not rationally related to an important state interest, much less justifiable as serving a compelling state interest. *Id.* at 10–14. The court also held that the two-year limitation ran afoul of article 18, section 6 by abrogating a cause of action before it reasonably could have been discovered. *Id.* at 15. The *Anson* court therefore applied the discovery rule to the wrongful death statute of limitations in order to prevent the statute from violating the Arizona Constitution. Although a decision of an intermediate state appellate court is not binding on us, we find it to be persuasive authority.[5]

◼ Dow argues that § 12–542(2) does not involve a fundamental right as in *Kenyon*, but a right of statutory creation that is not subject to the protections of the Arizona Constitution. It cites an observation in *Halenar v. Superior Court*, 109 Ariz. 27, 29, 504 P.2d 928, 930 (1972), that "[t]he right to recover damages for wrongful death being statutory is not beyond the power of the legislature to abrogate by § 6 of Article 18 of the Arizona Constitution." Dow also cites to *Schoenrock v. Cigna Health Plan, Inc.*, 148 Ariz. 548, 551, 715 P.2d 1236, 1239 (Ct.App.1986), in which an Arizona intermediate appellate court, citing *Halenar*, stated that a "cause of action for wrongful death is purely statutory and may be granted or limited by the legislature."

We decline to rely on the implications of the statements in *Halenar* and *Schoenrock* for several reasons. First, in *Summerfield v. Superior Court*, 144 Ariz. 467, 698 P.2d 712 (1985), the Arizona Supreme Court cast doubt on the authority of the statement in *Halenar* regarding the common law or statutory status of wrongful death actions. *Id.* at 470, 473, 698 P.2d at 715,

---

4. This provision states:
   No law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person. Ariz. Const. art. 2, § 31.

5. At oral argument, counsel for Dow stated that a motion for reconsideration had been filed in *Anson*, based partly on the nonsubstantive ground that the *Anson* court should not have reached the constitutional issues because they were raised only in a reply brief. We note that, should *Anson* be withdrawn on that ground, we would reach the same conclusion. *Anson* supports, but is not necessary to, our holding, which relies principally on our understanding of *Kenyon*.

718 (stating that "we are by no means certain that the common law made no provision for … a cause of action [for wrongful death]"); *see also id.* at 474 n. 4, 698 P.2d at 719 n. 4 (stating that the court did not consider whether the cause of action for wrongful death is protected by article 18, section 6 of the Arizona Constitution). Second, *Anson* is the most recent, and arguably the only, Arizona appellate court case to hold squarely in a wrongful death statute-of-limitations case that the right to bring a wrongful death action is a fundamental right protected under the Arizona Constitution. Finally, we find it particularly noteworthy that in this case the Arizona Supreme Court directed the district court to rely not on *Halenar* or *Schoenrock*, but on *Kenyon*. In *Kenyon*, the Arizona Supreme Court stated:

> The creation of rights by tort theory is primarily a matter of state law; the state may create such rights, provide defenses to them and regulate them, *except that once such rights have been created and vested the state may not arbitrarily abrogate them.*

*Kenyon*, 142 Ariz. at 79, 688 P.2d at 971 (emphasis added). This statement indicates that, even if the legislature may revoke completely a statutorily created tort action (as suggested in *Halenar* and *Schoenrock*), once the right is created it is subject to the guarantees of the Arizona Constitution. Hence, we conclude that, whether the wrongful death action is a creature of statute or common law, once created it is subject to the protections of the Arizona Constitution.

■ Dow also argues that § 12–542(2) is constitutional because it merely limits or regulates a cause of action, but does not abrogate it. This position is clearly untenable. As stated in *Kenyon*, "any statute which bars a cause of action before it could legitimately be brought abrogates rather than limits the cause of action and offends Article 18, § 6 of the Arizona Constitution." *Id.* at 75, 688 P.2d at 967; *see also Barrio v. San Manuel Division Hosp.*, 143 Ariz. 101, 107, 692 P.2d 280, 286 (1984) (holding that a statute of limitations that would bar a minor's malpractice action be-

fore it reasonably could be brought violates article 18, section 6). The medical malpractice statute of limitations at issue in *Kenyon* abrogated a right of action because the statute could (and did) run before the plaintiffs could discover that they had a cause of action. Likewise, the wrongful death statute of limitations, if applied in the present case, would bar the plaintiffs' claim before they allegedly knew or reasonably could have known of their cause of action.

■ Therefore, as in *Kenyon*, invocation of the discovery rule is necessary to save the statute from constitutional infirmity. We hold that, under Arizona law, causes of action for wrongful death accrue at the death of the injured person unless application of the two-year period would abrogate the cause of action before it reasonably could be discovered. In those cases, Arizona courts "shall follow the discovery rule." *Kenyon*, 142 Ariz. at 87, 688 P.2d at 979; *Anson*, slip op. at 15.

### CONCLUSION

■ For the reasons given above, we reverse the decision granting Dow's motion for judgment on the pleadings. On remand, the district court should permit the parties to offer evidence on whether the plaintiffs knew or by the exercise of reasonable diligence should have known of the link between dioxin and cancer of the kidney, and whether Dow fraudulently concealed such information, as the plaintiffs contend. *See id.* at 2, 15–24.

**REVERSED AND REMANDED.**