788 P.2d 102

Stephanie FRONGILLO, as Next Friend of Heather Frongillo and Anthony Frongillo, Jr., and Stephanie Frongillo, individually, Plaintiffs/Appellants,

v.

Paul GRIMMETT, dba Drive Line Service of Phoenix, Inc., and Drive Line Service of Phoenix, Inc., Defendants/Appellees.

2 CA-CV 89-0109.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 31, 1989.

Review Denied March 20, 1990.*

Ralph R. Le Pera, Bishop, Cal., and Shepard Weinstein, Phoenix, for plaintiffs/appellants.

Burch & Cracchiolo, P.A. by F. Michael Carroll, Marigene Dessaint and Brian V. Pearson, Phoenix, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

This is an appeal from a summary judgment against the survivors of Anthony Frongillo, the trial court dismissing the survivors' claim for his wrongful death because the statute of limitations on his injury claim expired before his death. The sole issue on appeal is whether a wrongful death action may be pursued by survivors even though the decedent's action for personal injury has been barred by the statute of limitations. We reverse and hold in this case that the statute of limitations for wrongful death begins to run upon the decedent's death even though the statute of limitations for his injury expired before his death.

## FACTS

The facts are simple and undisputed. Anthony Frongillo was injured in an automobile accident on April 20, 1980. Prior to his death on January 8, 1986, no personal injury action or settlement was concluded by him against the defendants Paul Grimmett, dba Drive Line Service of Phoenix, Inc., and Drive Line Service of Phoenix, Inc. On January 4, 1988, his widow and children filed a wrongful death action, alleging that his death was the result of the injuries he received in 1980. The trial court dismissed their claim and awarded summary judgment based on a finding that the wrongful death arose out of Frongillo's personal injury claim which was barred by

* Gordon, C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

statute, A.R.S. § 12–542(1), because it was not brought within two years from the date of injury.

### A.R.S. § 12–611

■ Defendants base their arguments in support of dismissal on the requirement contained in A.R.S. § 12–611 that the decedent would have been able to maintain an action for damages "if death had not ensued." They reason that because the decedent's claim for injuries was barred by A.R.S. § 12–542(1), the applicable statute of limitations, he would not have been entitled to maintain an action to recover damages had he lived; therefore, his survivors have no claim. The effect of this reasoning would be to deprive the survivors of any claim for wrongful death before it accrues and before they could sue. Moreover, A.R.S. § 12–542(2) specifically states that an action for wrongful death accrues on the death of the party injured.

This conclusion is consistent with the supreme court's analysis of § 12–611 in *James v. Phoenix General Hospital*, 154 Ariz. 594, 600, 744 P.2d 695, 701 (1987):

> Section 12–611 does not, however, contain an accrual date for a wrongful death action nor does it provide a statute of limitations. For such information, it is necessary to consult the general statute of limitations, A.R.S. § 12–542.

The supreme court has also explained that the statutory requirement of being able to maintain an action if death had not ensued refers "not to the nature of the loss or injury but merely to the circumstances under which the injury arose and the nature of the wrongful act, neglect or default complained of." *Summerfield v. Superior Court of Maricopa County*, 144 Ariz. 467, 475, 698 P.2d 712, 719 (1985) (quoting *Barragan v. Superior Court*, 12 Ariz.App. 402, 405, 470 P.2d 722, 725 (1970)).

We conclude, therefore, that A.R.S. § 12–611 has nothing to do with the accrual of an action for wrongful death or the period of limitation which governs the timeliness of the action. The phrase relied upon by the defendants is merely descriptive of the nature of the wrong committed to determine if a cause of action exists as a matter of substantive law for the alleged wrongful conduct, not whether that cause of action has been lost by untimely filing.[1] The entire thrust of the statute is to impose liability on the wrongdoer if his conduct creates a cause of action in favor of the injured party. The conduct alleged in this case creates a cause of action for negligence against the tortfeasor; therefore, the requirements of the statute have been met.

### SURVIVORS' ACTION FOR WRONGFUL DEATH NOT BARRED BECAUSE DECEDENT'S OWN CLAIM FOR INJURIES TIME BARRED

■ Arizona appellate courts have defined the survivors' legal right to recover for wrongful death as an independent claim for damages sustained by the survivors upon the death of the party injured. Our supreme court clearly stated this proposition in *James v. Phoenix General Hospital, Inc., supra,* based upon the well-settled principle that "[i]n Arizona, the survivors' legal right is not a derivation from nor a continuation of claims which formerly existed in the injured party," but instead an independent claim which "provides recovery for damages sustained by the survivors upon the death of the party injured." *Id.* 154 Ariz. at 603, 744 P.2d at 704. The supreme court acknowledged the legislative intent to recognize "the legal right of the *survivors* to be compensated for *their loss* resulting from the victim's death." *Id.* (quoting *Summerfield v. Superior Court*, 144 Ariz. 467 at 476, 698 P.2d 712 at 721 (1985) (emphasis in opinion)). The court in *James* then held that the wrongful death cause of action could only accrue upon the death of the injured party. *Id.* 154 Ariz. at 604, 744 P.2d at 705. The court noted that:

> "As to the defense of the statute of limitations, ... the considerable majority

---

1. Defendants' reliance on *Schoenrock v. CIGNA Health Plan,* 148 Ariz. 548, 715 P.2d 1236 (App. 1986), is misplaced. In *Schoenrock,* the survivors' claim was barred because the decedent had settled his claim with the defendant prior to his death.

of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living." W. Page Keeton, PROSSER AND KEETON ON TORTS § 127 [at 957] (5th ed. 1984).

*Id.* at 603 n. 16, 744 P.2d at 704 n. 16.

The explicit holding of *James* that wrongful death actions accrue from the date of the decedent's death, together with the adoption of the majority rule as announced in footnote 16, govern the disposition of this case.[2]

Reversed and remanded.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.

---

**2.** In addition, the *James* court adopted the reasoning of *Larcher v. Wanless,* 18 Cal.3d 646, 135 Cal.Rptr. 75, 557 P.2d 507 (1976), and *Gilloon v. Humana, Inc.,* 100 Nev. 518, 687 P.2d 80 (1984), for the proposition that injury to the heirs caused by the death of the decedent is the date from which the cause of action for wrongful death accrues rather than the date of decedent's initial personal injury.