**NOT FOR PUBLICATION**

FILED



APR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE BERGMAN, | No.    15-16494 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00133 SRB |
| v. | |
| ELLIOTT MCCARTY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 18, 2017[**]
San Francisco, California

Before:  D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,[***] Chief
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

Laurie Bergman ("Bergman") appeals the district court's entry of summary judgment in favor of Elliott McCarty ("McCarty") on her diversity claims relating to McCarty's administration of the Kate McCarty and Kathryn Britto estates.[1] Bergman argues that the district court erred in determining that the statute of limitations elapsed on her claims for a share of the wrongful death proceeds from the Kathryn Britto estate. Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment on statute of limitations grounds. *Bradford v. Scherschligt*, 803 F.3d 382, 385–86 (9th Cir. 2015). For the reasons that follow, we affirm.

The district court correctly determined that Gwendolyn MacDougal's failure to make any inquiry into the circumstances of Kathryn Britto's death and learn of the wrongful death lawsuit and any potential claims against McCarty was unreasonable under either Arizona or New Mexico's discovery rule.[2] *See Davis v. Dow Chem. Corp.*, 819 F.2d 231, 233 (9th Cir. 1987) (noting that under Arizona's

---

[1] Bergman filed notice with the Court that the ownership of the Texas property from the Kate McCarty estate has been resolved and that the issue is moot. ECF No. 32.

[2] Although Bergman relies on Arizona law on appeal, the district court did not conduct a choice of law analysis. Nevertheless, the district court correctly held that Bergman's claims were untimely under either Arizona or New Mexico law. *See Rhinehart v. Nowlin*, 805 P.2d 88, 97 (N.M. Ct. App. 1990).

discovery rule, a cause of action "accrues when the plaintiff knew or by the exercise of reasonable diligence should have known that a claim exists" (citations omitted)); *Wilde v. Westland Dev. Co., Inc.*, 241 P.3d 628, 635 (N.M. Ct. App. 2010) ("For purposes of determining when the cause of action accrues, discovery is defined as the discovery of such facts as would, on reasonable diligent investigation, lead to knowledge of [the] fraud or other injury." (citations and internal quotation marks omitted)). Accordingly, the district court's grant of summary judgment in favor of McCarty was proper. *See Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002) ("[S]ummary judgment is warranted only if the failure to go forward and investigate is not reasonably justified.").

Because Bergman failed to argue in the district court that a statute of limitations defense was unavailable to McCarty as a trustee of the wrongful death proceeds for the statutory beneficiaries, that argument is waived. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) ("[W]e typically decline to consider arguments raised for the first time on appeal." (citations and internal quotation marks omitted)). Bergman's argument that McCarty fraudulently concealed her claims similarly fails because Bergman unequivocally disavowed any fraudulent concealment claim before the district court below. *See* Reply Br. in Supp. of Summ. J., *MacDougal v. McCarty*, No. 2:14-cv-00133-SRB (D. Ariz. June 1, 2015), ECF No. 112 at 6 ("Defendant cleverly argues that Gwen is arguing

3

that he fraudulently concealed Gwen's claim, thereby tolling the accrual of her claim. He correctly points out that Gwen does not have a viable fraudulent concealment claim. However, Gwen has never claimed otherwise.").

Because Bergman conceded any claim based on fraudulent concealment, the district court also correctly held that an actual knowledge standard does not apply under these circumstances.

**AFFIRMED.**