NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GERALDINE FAAS, *Plaintiff/Appellee*,

*v.*

SUNLAND HEALTH ASSOCIATES, LLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 22-0006
FILED 11-1-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-091416
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Calderon Barton PLLC, Mesa
By Joshua D. Barton
*Counsel for Plaintiff/Appellee*

Jones Skelton & Hochuli PLC, Phoenix
By Jonathan Paul Barnes, Jr.
*Co-Counsel for Defendants/Appellants*

Ensign Services, Inc., Higley
By Michael J. Ryan, Michael S. Redhair
*Co-Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

---

**P A T O N**, Judge:

¶1        Sunland Health Associates, LLC, Montecito Post Acute Care and Rehabilitation, the Ensign Group, Inc., Ensign Services, Inc., Bandera Healthcare LLC, Bandera Healthcare Inc., and Karl Cooper (collectively "Montecito") appeal the superior court's order denying a motion to compel arbitration of Geraldine Faas's wrongful death claim.

¶2        The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, does not preempt Arizona case law set forth in *Dueñas v. Life Care Centers of America, Inc.*, 236 Ariz. 130 (App. 2014) and *Estate of DeCamacho ex rel. Guthrie v. La Solana Care and Rehab, Inc.*, 234 Ariz. 18 (App. 2014) that a non-signatory to an arbitration agreement is not bound to arbitrate a wrongful death claim.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        Faas's decedent signed an arbitration agreement in 2019 that applied to the medical services provided by Montecito that expressly bound his heirs and family members.  The arbitration agreement provided that any future arbitration shall be conducted "in accordance with the procedures set forth in the [FAA]" and stated that the "agreement evidences a transaction involving interstate commerce."

¶4        After Faas filed a lawsuit alleging wrongful death, medical negligence, violation of the Adult Protective Services Act, and breach of contract, Montecito moved to compel arbitration of all claims based on the arbitration agreement.  Under Arizona case law, a non-signatory statutory beneficiary's wrongful death claim is not subject to a decedent's arbitration agreement, even if the agreement purported to bind the decedent's heirs. *Dueñas*, 236 Ariz. at 134, ¶ 2; *id.* at 138-39, ¶¶ 24-29; *see also DeCamacho*, 234 Ariz. at 25, ¶ 27.  Accordingly, the superior court denied the motion to compel arbitration of the wrongful death claim.

**DISCUSSION**

**¶5** Montecito argues the superior court erred in denying its motion to compel arbitration of Faas's wrongful death claim as violative of congressional intent under the FAA. We review de novo the denial of a motion to compel arbitration. *Rizzio v. Surpass Senior Living LLC*, 251 Ariz. 413, 417, ¶ 8 (2021).

**¶6** The FAA mandates enforcement of arbitration agreements "evidencing a transaction involving commerce." 9 U.S.C. § 2. Section 2 of the FAA establishes federal substantive arbitration law applying to any arbitration agreement within the FAA and reflects congressional intent to establish a "liberal federal policy favoring arbitration agreements" despite contrary state policy. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Both state and federal courts must enforce the FAA with respect to all arbitration agreements covered by that statute. *Id.*

**¶7** When deciding whether parties agreed to arbitrate under the FAA, courts apply ordinary state-law principles regarding contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). A court may invalidate an arbitration agreement without contravening section 2 of the FAA based on generally applicable state-law contract defenses. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). A court should give no preference to arbitration agreements but should apply generally applicable law to decide whether a party agreed to arbitrate. *See Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713-14 (2022).

**¶8** When an Arizona court determines the enforceability of an arbitration agreement under the FAA, it applies Arizona common law pertaining to contracts generally. *Sec. Alarm Fin. Enters., L.P. v. Fuller*, 242 Ariz. 512, 516, ¶ 11 (App. 2017); *WB, The Bldg. Co., LLC v. El Destino, LP*, 227 Ariz. 302, 308, ¶ 14 (App. 2011). The general rule is that an arbitration agreement only binds the parties to the agreement. *Dueñas*, 236 Ariz. at 139, ¶ 26.

**¶9** An arbitration agreement with a nursing home signed by a patient does not bind non-signatory statutory beneficiaries to arbitrate their wrongful death claims. *Id.* at 138-39, ¶¶ 23-29; *see also DeCamacho*, 234 Ariz. at 25, ¶ 27. This is because a wrongful death claim is a claim for an act that would "if death [of the decedent] had not ensued, have entitled [the decedent]" to sue for the injury. A.R.S. § 12-611. Because a decedent cannot maintain an action, the Legislature provided for the cause of action to vest in the decedent's survivors. A.R.S. § 12-612. As such, it belongs solely to

the statutory beneficiary and at no point belongs to the decedent. *See DeCamacho*, 234 Ariz. at 24-25, ¶¶ 24-27 (statutory beneficiary independently holds the wrongful death claim); *Huebner v. Deuchle*, 109 Ariz. 549, 549-50 (1973); A.R.S. §§ 12-611, -612.

**¶10** Any express language in an arbitration agreement purporting to bind non-signatory statutory beneficiaries to arbitrate is unenforceable as to a wrongful death claim. *Dueñas*, 236 Ariz. at 138-39, ¶ 25. Thus, under Arizona law, the superior court here correctly ruled that the arbitration agreement did not bind Faas, a non-signatory statutory beneficiary, on her wrongful death claim. *WB, The Bldg. Co.*, 227 Ariz. at 306, ¶ 11 (noting that a court will only compel arbitration when an arbitration provision is enforceable).

**¶11** Montecito argues the FAA preempts *Dueñas* and *DeCamacho* because the judicially created rules set forth in those cases impermissibly discriminate against Arizona arbitration agreements by treating them differently from other agreements. Indeed, *Dueñas* and *DeCamacho* both recognized that a *settlement* agreement between a patient and healthcare facility as to the patient's personal injury claim may bar a claim by a statutory beneficiary based on the same underlying conduct, but that an *arbitration* agreement signed by a patient is not enforceable against a non-signatory statutory beneficiary as to a wrongful death claim. *Dueñas*, 236 Ariz. at 139, ¶¶ 27-29; *DeCamacho*, 234 Ariz. at 25-26, ¶¶ 27-33. Montecito argues this disparate treatment is impermissible under the FAA, relying on *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). In *Concepcion*, the United States Supreme Court stated that the FAA displaces state-law contract defenses applied in a way that has a disproportionate impact on arbitration agreements. 563 U.S. at 341-43. But *Dueñas* and *DeCamacho* do not contravene *Concepcion*; these cases merely interpret Arizona wrongful death law and statutes to determine who holds an interest in a claim and whether a non-signatory to an arbitration agreement can have that interest impaired by another person. *Dueñas*, 236 Ariz. at 138-39, ¶¶ 23-29; *DeCamacho*, 234 Ariz. at 24-25, ¶¶ 24-27.

**¶12** In other words, because the decedent never owned the claim that Faas now brings, the decedent could not—while alive—agree to arbitrate that claim after the decedent dies. *See Duenas*, 236 Ariz. at 138-39, ¶ 25. Whereas, because the wrongful death action itself cannot accrue if the underlying injury claim is settled before the decedent dies, a settlement of the injury is necessarily a settlement of the wrongful death claim. *See* A.R.S. § 12-611; *see also Schoenrock v. Cigna Health Plan of Ariz., Inc.*, 148 Ariz. 548, 551 (App. 1985). This is due to the unique nature of a wrongful death action

in that it accrues after death; it is not the result of a rule that categorically disfavors arbitration.

¶13        Montecito correctly notes that the FAA requires courts to enforce arbitration agreements involving interstate commerce, and "includes no exception for personal-injury or wrongful-death claims." 9 U.S.C. § 2; *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 532-33 (2012) (vacating state court decision setting forth general state policy prohibiting enforcement of pre-dispute arbitration clauses in a nursing home admission agreement to arbitrate personal-injury or wrongful-death claims as a categorical rule prohibiting arbitration of a particular type of claim). But the fact that wrongful death claims *can* be arbitrable—if, for example, Faas had been a party to the agreement—does not mean that the superior court must enforce an arbitration agreement to which Faas was not a party. The FAA does not require parties to arbitrate claims when they have not agreed to do so. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219-21 (1985).

¶14        Ultimately, this case is about consent. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) (stating that "[a]rbitration under the [FAA] is a matter of consent, not coercion . . . ."). A patient who signs an arbitration agreement binding his heirs consents to arbitrate his own personal injury claim. *See U.S. Insulation Inc. v. Hilro Const. Co., Inc.*, 146 Ariz. 250, 256 (App. 1985) (stating that "the arbitration clause constitutes the consent of the parties to the establishment of extra-legal machinery for the settlement of their disputes"). But a patient does not—and cannot—consent on behalf of non-signatory statutory beneficiaries to arbitrate the statutory beneficiaries' future wrongful death claim. *See Dueñas*, 236 Ariz. at 139, ¶ 27 (noting that patient's agent "could not contractually limit the children's personal claims without their assent").

¶15        Nothing in the FAA "purports to alter background principles of state contract law regarding the scope of agreements" or "who is bound by them." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009). The FAA does not preempt Arizona law that a non-signatory to an arbitration agreement is not bound to arbitrate a wrongful death claim. Faas may litigate her wrongful death claim.

**CONCLUSION**

¶16        For the foregoing reasons, we affirm the superior court's ruling denying Montecito's motion to compel arbitration of Faas's wrongful death claim. Because this action does not arise out of a contract within the meaning of the applicable statute, we deny Faas's request for

attorneys' fees under A.R.S. § 12-341.01. *See ML Servicing Co., Inc. v. Coles*, 235 Ariz. 562, 570, ¶¶ 30-32 (App. 2014). We award costs to Faas upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA